Jack Stanislaw, J.
Smith, Director of Civil Defense of Suffolk County and one of the defendants herein, moves for summary judgment. The action as brought by plaintiff Hughes is one for judgment declaring a certain regulation promulgated by Smith to be invalid and void. Hughes cross-moves for summary judgment.
Hughes, an attorney, was a member of the Suffolk County Auxiliary Police for five years prior to April, 1965. He was discharged on April 1, 1965 pursuant to a regulation duly adopted and filed by Director Smith which, among other things, declared that “ a person engaged in the practice of law, will not be eligible for membership in the Auxiliary Police ”. The Director notes his concern about the possible stigma of a possible conflict of interest possibly arising out of an attorney’s *530 engagement in auxiliary police activities. These activities are, incidentally, the voluntary activities of a voluntary agency as authorized by the New York State Defense Emergency Act (L. 1951, ch. 784, as amd.).
As the Local Civil Defense Director, Smith is empowered, among other things, to adopt regulations and to appoint and remove employees at his pleasure (L. 1951, ch. 784, § 22, subd. 2). By reason of these powers he argues that the regulation in question is valid, and in any event the fact that Hughes was removed is effective anyway if only by reason of the Director’s ability to remove employees at his pleasure. Yet section 22 of the Defense Emergency Act enumerates certain other powers and duties of the Local Director (subd. 4). Among these is the power “ To remove any member of any volunteer agency for incompetence, misconduct, neglect of diity, disloyalty or subversive activity” (subd. 4, par. b). A logical reading of the entire section convinces us that the appointive and removal powers conferred “ at pleasure ” as to employees (subd. 2) are not susceptible of expansion so as to include members of voluntary agencies. The latter are dealt with separately and specifically, as noted above.- In other words, as to the category of members of voluntary agencies, removal is available only upon the particular grounds set forth in the statute.
. The effect of the regulation, the removal of a single individual a member of a voluntary agency otherwise protected by the statute, cannot be validated. The Director may not avoid statutory limitations by simply attempting to do in one way what he may not be able to do in another. Only if he has proper statutory grounds for removal may he act, and not otherwise. This is not to pass upon the regulation in question as it may apply to future members of the auxiliary police, but only as it removes one presently a member and therefore a beneficiary of the legislative limitation.
There is no need, viewing the statute as we do, to pass upon the bases or motivations for defendant’s action. Smith acted, as to the plaintiff, beyond the scope of his authority. The plaintiff’s motion for summary judgment is granted and the regulation declared invalid ab initio as to Hughes. Plaintiff shall be restored to membership and his former rank in the auxiliary police, as prayed. Defendant’s motion is, of course, denied.