Hon. John M. Sheridan County Attorney, Yates County
This is in response to your request for an opinion of the Attorney General as to whether a conviction for a felony (arson) would render an otherwise qualified person ineligible to be a member of a county Civil Defense Auxiliary Police Force. You point out that a person who has been serving in such capacity is now found to have been previously convicted of such crime.
Civil Defense Auxiliary Police are appointed pursuant to the authority of the New York State Defense Emergency Act which provides that each county outside of New York City and each city in the furtherance for its plan for Civil Defense shall:
 "22. Recruit, equip and train auxiliary police or special deputy sheriffs in sufficient number to maintain order and control traffic in the event of an attack and to perform such other police and emergency civil defense functions as may be required during and subsequent to attack." (McKinney's Unconsolidated Laws, § 9123[22].)
We are unaware of any provision of law that would automatically disqualify a member of this auxiliary police force (a volunteer agency) from membership in such organization. However, subdivision 4 of section 9122 of McKinney's Unconsolidated Laws enumerates the powers and duties of the local director of civil defense. Paragraph b of such subdivision provides that such local director shall have the power:
 "b. To remove any member of any volunteer agency for incompetence, misconduct, neglect of duty, disloyality or subversive activity."
Removal of members in this volunteer agency is available only upon the particular grounds set forth in said subdivision (Hughes v Smith,49 Misc.2d 529, Supreme Court, Suffolk County, 1966). Removal indicates that the individual is currently holding the position in question. The section brackets misconduct with incompetence and neglect of duty which indicates a legislative intent to apply only to those acts committed while employed. Statutory language that is clear and unambiguous must be interpreted as written (McKinney's Consolidated Laws of New York, Book 1, Statutes, § 76). Therefore, it is evident that paragraph b of subdivision 4 of section 9122 of McKinney's Unconsolidated Laws applies only to acts or conduct performed subsequent to appointment (Hughes vSmith, supra, p 530).
However, this is not to say that the county could not establish qualifications that a person must possess prior to the appointment. It would also seem that a county may check to ascertain if the person applying has any prior convictions for a crime thereby rendering the person ineligible for the appointment as a member of a Civil Defense Auxiliary Police Force.
Accordingly, we conclude that subdivision 4, paragraph b, of section 9122 of McKinney's Unconsolidated Laws applies only to the removal of a member of a Civil Defense Auxiliary Police Force for acts or conduct committed subsequent to the appointment. However, a county could establish qualifications that a person must possess prior to the appointment to said Civil Defense Auxiliary Police Force.